The next case called for oral argument is People v. Shamhart. Counsel? Good afternoon, Your Honors. May it please the Court, Counsel. There is but one issue raised in this appeal. We ask this Court to correct a clear and harmful procedural error that occurred in the Court below. In particular, we ask this Court to enforce the elementary procedural requirement that when a criminal defendant alleges in a post-trial motion that his trial counsel was ineffective and makes a claim substantive enough to require new counsel to be appointed under People v. Crankle, the Court has to allow him to present his evidence of ineffective assistance of counsel so that the Circuit Court has a factual basis for its ruling and so that this Court, if necessary, has something to review. Now, Crankle held that when an indigent defendant in a criminal matter adequately alleges in a post-trial motion that his counsel was ineffective, it should appoint new conflict-free counsel to represent that defendant on the ineffective assistance claims. In People v. Moore, our Supreme Court further explained that the trial court should first conduct a brief preliminary examination of the factual basis of the claim. So if the claim is frivolous or lacks merit or pertains only to trial strategy, the Court need not appoint new counsel and may deny a pro se motion. What happened in Moore is that trial counsel, excuse me, the trial court failed to conduct that initial inquiry and the Supreme Court reversed, noting that the trial court erred when it assumed that the ineffective assistance of counsel claim could just be resolved on appeal. That's because it is well settled from cases like People v. Whitehead and many others that a claim of ineffective assistance of counsel cannot be considered on direct appeal where the evidentiary basis lies outside the record, which nine times out of ten it does. If you think about the basis of most ineffective assistance counsel claims, it's my attorney didn't communicate with me, he misled me in some way, I had this witness that I wanted to call, he didn't call this witness, he didn't raise this evidence, et cetera, which, by the way, almost all of that entire catalog was raised by Mr. Schambart in this case. Now, the case at bar is like Moore but with this one difference. Here, the trial court conducted the initial practical inquiry and found that there was enough merit to Mr. Schambart's claims to appoint new post-trial counsel, that there was enough of a conflict, and as a matter of fact, it also granted a motion by the prior trial counsel to withdraw at the same time. Yet after doing so, the court did not permit him to present testimony or any evidence in support of his ineffective assistance of counsel claims. It found, for some reason, that it would be improper to permit the introduction of matters extraneous to the record and ruled that such matters would have to be raised on direct appeal or a post-conviction petition. Thus, it committed the exact same errors in Moore, except that it committed it at the next stage of the process. Just as it was error in Moore to not even examine defendant's ineffective assistance claims, it is error for a court to decide, well, there is some substance to the claims, but we're going to refuse to allow you to put on your evidence in support of it. That makes no sense at all, because the whole point of this procedure is to make a record. Illinois courts have repeatedly held that a defendant may base his motion for a new trial on matters outside of the record, and I cited the Williams case out in the First District as one of many that stand for that proposition. Certainly, that's the whole point here, is to allow you to make your record so you have something to go on. Now, the state in its Appellee's Brief seemingly does not dispute the underlying argument, but says, well, in this particular case, there really wasn't a problem, it's no harm, no foul, because the court said, well, it would take judicial notice of what Mr. Schoenhardt alleged. And basically, that stands for the proposition that taking judicial notice of something is the equivalent somehow of hearing all the evidence in support of something. Well, this doesn't make sense for a couple of reasons. Number one, the court simply stated, I'm going to take judicial notice, and I'm quoting from the transcript here, of what the defendant has filed in his own hand or filed in his own behalf. It is in the court file. Well, to take judicial notice of something that's in the court file is basically not saying anything, because, of course, the judge takes judicial notice of what is in the file in that very case. So this doesn't really say anything. On the other hand, if what the court meant in that instance was, I'm going to assume for the sake of this motion that everything you've alleged is true, well, that's error for a couple of additional reasons. Number one, you can't do that. You can't take, and I cite to Illinois Rule of Evidence 201, which governs judicial notice facts, you can only take judicial notice facts of something that's indisputable or maybe another court record, something like that. You can take judicial notice that at 9 o'clock in January, it's going to be dark outside. But you cannot take judicial notice of, well, he's alleged A, B, C, and D, so I'm going to assume all that he says is true. You're not allowed to do that. And secondly, even if the court was permitted to do that, well, then it would have been error for an additional reason, because if everything Mr. Schampard had alleged was true, that his attorney didn't communicate with him, that he misled him about the plea negotiations with the state, that he didn't understand the charges, that he had witnesses that weren't called, including a possible alibi witness, and a whole list of things that he alleged in his motion, well, then it was in effect of assistance of counsel, and the court erred for that reason. Now, I would suggest we don't go there, because really the real problem here is the procedural error. And to me this is so glaringly obvious that you have to allow, if you say that there's enough substance to allow the defendant to have counsel appointed to represent him on the ineffective assistance claims, you've got to let him make his record. You've got to let him put on his evidence. So for these reasons, we're asking the court to reverse the decision of court law, obviously, and remand this cause for a proper evidentiary triangle hearing. If there's no questions from the panel, I would just conclude with this observation, that this case reminds me of the model of our Illinois Supreme Court, oi alterum partem, hear the other side. Thank you, Your Honors. Thank you, Counsel. Counsel? Good afternoon, Your Honors. May it please the Court. Mr. Whitney. Good morning.  This is a tough case. I'm not going to lie. To be honest with you, I think Mr. Whitney and I are probably going to agree on a number of things and disagree. The principal thing I think we can agree on at the outset is that the defendant has a right to present evidence in support of an allegation of a claim of ineffective assistance to counsel. So do you agree, Mr. Daley? I probably would. Let's cut to the chase. I would agree that Judge Schwarm, our beloved colleague, but Judge Schwarm should have let the individual make a record. For the record, I agree. And really, what else can be said? You've got to make a record so documents don't speak. I agree. That's what I was going to say. That is a huge problem. I agree. So where does the judicial notice come in? Well, the reason that we come with the judicial notice aspect of it is because judicial notice is obviously a form of evidentiary proof that can come as a substitute for testimonial evidence. And that's why we're kind of here arguing this and not just sort of looking at this as a straight-up confession of error. But that's only on undisputed facts. OK. And I think Mr. Whitney is correct when I talk about the scope of what is properly traditionally noticed. But I think that what we have to look at here, because the issue isn't really the question of was it an error to take judicial notice of something. That's not really the basis of the error allegation here. The basis of the error allegation is that it should have been allowed to present testimonial evidence. Because if a judge takes judicial notice of something and judges are presumed to know the law, so obviously we could say, well, maybe the judge was presumed to know Supreme Court Rule 201. But I think that what we really get to hear is a judge knows what judicial notice means. And judicial notice means that, OK, I don't want to hear the testimony. I'm just going to go ahead and accept what you say is what the evidence would be had you presented it. You know, defense counsel in this case had stated, well, and there was some skepticism about it. But you know, we have defense counsel say, well, OK, we've got two things that I want to present in the way of testimony. I want the defendant to testify, A, to certainly verify the contents of his motion, and to make reference to, I think, the affidavits were attached, which discussed what the defendant didn't want to call. I think our skepticism abounds because the credibility that you have with the court is slowly, slowly slipping. Well, at least it's a slow slip. I'm just going to be honest. I'm not going to insist. I mean, what if there were no documents, Mr. Daley? I mean, let's remove the judicial notice, OK? Let's just remove that. Correct. He still didn't get this opportunity to make a hearing. I mean, this is an individual who had four or five attorneys already? Correct. I think he was on his police career. I think fourth. But he didn't get to have his say. How do you substitute that? I think that you have to swell. Again, I think that the issue comes down to this court, is how it treats the judge's election to take judicial notice of something. Well, we don't know. What the defendant was going to say was what was his pleading, because that's what his counsel said that's what he was going to say. Well, then, if that's true, then you get back to what? What Mr. Whitney said, which is the motion should have been granted. That's not the issue before this court. I think there's probably some truth to that. But the specific issue before this court, and that's the only issue this court's being asked to have, to answer, is whether he was permitted to present evidence in support of his motion to alleging ineffective assistance of counsel. So the question is really kind of a stark one. Are you already not going to accept the fact that the court took judicial notice? So clearly, the court understands the concept of judicial notice as being, I'm going to accept these things as if they had been testified to. The court heard an argument. So you're arguing that the court's knowledge of what judicial notice means somehow translates into his making a correct decision on the motion. Judicial notice, in a way, yes. Because what judicial notice is, a judicial notice has a purpose, and it has a scope. The court may be wrong in its understanding of the scope, but it's not wrong in its understanding of the purpose. And that's really what it comes down to. Even if we all agree that the judge shouldn't take judicial notice of it, the fact that the judge did so has meaning. It has to have meaning. It didn't do so for no reason. The parties argued the case. Defense counsel argued extensively in the motion in support of ineffective assistance of counsel. Judge Swamp went back in the chambers and deliberated on it, came out, and he specifically ruled in both motions. He didn't refuse to consider the motion in support of ineffective assistance of counsel. So I'm trying to crawl back up the ladder of credibility here. But the point is that when a court says it's doing something, it has to have meaning. And that the meaning of what the court does has a specific meaning in the context of factual proofs. OK? Now, the defendant maybe should have been allowed to testify. I agree. But on the other hand, you know, I'm going to dig a bigger hole than I know. But if the defendant had testified, then he would have been subject to cross-examination. And those things that the judge had taken judicial notice of could have been impeached rather than just taken by the court back in terms of its scope of deliberation. Whether the court should grant it or not means there's not a question before this court. Good. That's all I have. OK. All right. Are there any other further questions? I don't believe so. I think you need to work with your counsel. Well, Your Honor, with respect to the court's time, I'm not going to belabor this and probably shouldn't quit while I have a receipt that I'm ahead. But I just wanted to make a couple quick points. We have to understand that what Mr. Schampart alleged in his motion was stated at a very broad level of generality. My attorney wasn't communicating with me. He wasn't dealing with the state's attorney with my best interest in mind. What does that mean? That begs explanation. And that's the point of the evidentiary hearing. There is no way that judicial notice can possibly be a substitute for that. For example, if when Paul testified, his testimony would have been, you know, the state had a great plea deal on the table, and my attorney never told me about it. That's the communication I'm talking about. Well, that's a huge difference between hearing that and just hearing the broad generalization. My attorney wasn't communicating with me well. And that's just one example. We can think of dozens of them, I'm sure. And that's why you can't take – it's not only proper to take judicial notice as the state concedes, but it's not an adequate substitute. This has to go back for a hearing. My client has to have the opportunity to make his record. And we ask this Court to reverse the finding denying post-trial motion without a proper crankle hearing. Thank you. Thank you, Your Honor. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. There are no further oral arguments before the courts. We're adjourned.